UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

PATRICIA PERRY,                                    Chapter 7
                                                   Case No. 26-41320-MAR
        Debtor.                                    Hon. Mark A. Randon

_____/

STUART A. GOLD, Trustee,

        Plaintiff

v.                                                 Adversary Proceeding
                                                   No. 26-

JACQUELINE ARD,

        Defendant.

_____/

## COMPLAINT

Stuart A. Gold, the Chapter 7 Trustee of the bankruptcy estate of Patricia

Perry, by his counsel Sandra O'Connor Law, PLLC, and for his complaint states:

### Jurisdiction

1.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 544 &

550 and Fed. R. Bankr. P. 7001(1) & (9) to avoid and recover an unperfected interest

in property.

2.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) & 157(b)(2)(O).  Plaintiff consents to entry of a final order or judgment by this Court.

### Facts

3.     On February 9, 2026, Patricia Perry ("the debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

4.     Plaintiff Stuart A. Gold is the duly appointed Chapter 7 Trustee of the debtor's bankruptcy estate.

5.     Defendant Jacqueline Ard ("Defendant") is an individual who resides at 21215 Dartmouth Drive, Southfield, Michigan 48076.

6.      Pursuant to a quit claim deed recorded on November 9, 2017, the debtor became the sole owner of the real property at 15826 Appoline, Detroit, Michigan 48227 ("the Property").

7.     On or about May 31, 2019, the debtor executed a quitclaim deed purporting to convey her interest in the Property to Defendant.  This deed was never recorded.

### Count I
### Avoidance and Recovery of Unperfected Interest in Property

8.     Plaintiff restates the allegations contained in paragraphs 1 through 7 and incorporates them herein by reference.

2

9.      Plaintiff has, as of the commencement of the case, the rights and powers of a bona fide purchaser of the Property and may likewise avoid any transfer of the Property by the debtor that is voidable by a bona fide purchaser who obtains the status and perfects such transfer as of the petition date.  11 U.S.C. § 544(a)(3).

10.      Because the transfer of debtor's interest in the Property to Defendant was not perfected as of the petition date, the Plaintiff, as a bona fide purchaser, may avoid the unperfected transfer of debtor's interest in the Property to Defendant.

11.      The unperfected interest of Defendant in the property is avoidable under 11 U.S.C. § 544(a)(3).

12.      The property is recoverable from Defendant pursuant to 11 U.S.C. § 550(a)(1) as both initial transferee and the entity for whose benefit the transfer of the property was made.

WHEREFORE, Plaintiff requests that this court enter a judgment avoiding Defendant's interest in the Property and recovering it for the bankruptcy estate.

Respectfully submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: April 7, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Plaintiff
100 N. Pond Dr. Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

3