UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

PATRICIA PERRY,

Debtor.
__________________/

Chapter 7
Case No. 26-41320-MAR
Hon. Mark A. Randon

**MOTION FOR ENTRY OF ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

Stuart A. Gold, the Chapter 7 Trustee of Patricia Perry, by his attorney Sandra O'Connor Law, PLLC, submits this motion pursuant to Fed. R. Bankr. P. 9019(a) & 9014 for entry of an order authorizing the Trustee to compromise the bankruptcy estate's claims against the bankruptcy estate of Jacqueline Elizabeth Ard (See Exhibit 1).

IN SUPPORT of this motion, the Trustee states:

**Jurisdiction**

1. This is a contested matter brought pursuant to Fed. R. Bankr. P. 9014 & 9019(a).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (O) over which this court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(1).

## Facts

3. On February 9, 2026, Patricia Perry ("Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code.

4. Stuart A. Gold is the duly appointed Chapter 7 Trustee of the Debtor's bankruptcy estate ("Trustee").

5. The Trustee identified a claim against Jacqueline Elizabeth Ard ("Ard") relating to the Debtor's pre-petition transfer of real property at 15826 Appoline, Detroit, Michigan ("the Property") to Ard. On or about May 31, 2019, the debtor executed a quitclaim deed to convey her interest in the Property to Ard ("the Transfer"). The deed was never recorded. It is the Trustee's position that the Transfer is avoidable under 11 U.S.C. § 544(a)(3) since an unrecorded deed is not enforceable against a bona fide purchaser.

6. After filing an adversary proceeding against Ard, Trustee's counsel was subsequently informed that Ard had a pending bankruptcy case in the Bankruptcy Court for the District of South Carolina that was filed as a Chapter 13 case on April 10, 2025 and subsequently converted to Chapter 7.

7. The Trustee and the Chapter 7 Trustee of Ard have negotiated a settlement of the Transfer and have entered into a Settlement Agreement, which is attached as Exhibit A ("Settlement Agreement"). Pursuant to the terms of the Settlement Agreement, the Trustee will sell the Property. The net proceeds will be

split, with 75% being retained by the Trustee and 25% being paid to the Trustee of Ard for the benefit of Ard's bankruptcy estate. The Trustee of Ard will be entitled to file a proof of claim for $97,143.94, less the proceeds the Ard estate received from the sale, which will be treated as a tardily filed general unsecured claim for distribution purposes, to ensure that all creditors of the Debtor that file timely claims would need to be paid in full before any additional funds would be paid to the estate of Ard.

8. The proposed settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. In addition, the Trustee will be able to save the bankruptcy estate the substantial time, administrative expenses, and risks associated with prosecuting an adversary proceeding.

**Argument**

9. The Trustee believes that this settlement is in the best interests of the bankruptcy estate and its creditors for the reasons that, among others, the settlement avoids the substantial amount of time, administrative expenses, and risks associated with prosecuting an adversary proceeding.

10. The Sixth Circuit Court of Appeals has explained that the bankruptcy court may approve a settlement if it is fair and equitable. Papas v. Buchwald Capital Advisors, LLC (In re: Greektown Holdings, LLC), 728 F.3d 567, 575 (6th Cir. 2013).

11. The Sixth Circuit Court of Appeals has set forth four (4) factors that a bankruptcy court should consider when evaluating the fairness of a settlement as follows:

a. The probability of success in the litigation;

b. The difficulties, if any, to be encountered in the matter of collection;

c. The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

d. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (citing Bard v. Sicherman (In re Bard), 49 Fed. App'x 528, 530 (6th Cir. 2002).

12. The Trustee, in recommending that this Court approve the proposed compromise, has given due weight to the four (4) criteria set forth above and believes that the proposed compromise is fair, equitable and in the best interest of all interested parties.

WHEREFORE, the Trustee requests that this Court enter an order approving the compromise.

Respectfully Submitted,

SANDRA O'CONNOR LAW, PLLC

Dated: July 30, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

PATRICIA PERRY,

Debtor.
__________________/

Chapter 7
Case No. 26-41320-MAR
Hon. Mark A. Randon

**ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

This matter having come before the Court upon the Trustee's Motion for Order Authorizing Trustee to Compromise Claims ("the Motion") with respect to the bankruptcy estate's claims against bankruptcy estate of Jacqueline Elizabeth Ard; no objections to the Motion having been timely filed and served; and the Court being otherwise duly advised in the premises:

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that the Trustee is authorized to compromise the bankruptcy estate's claims against bankruptcy estate of Jacqueline Elizabeth Ard pursuant to the terms of the Settlement Agreement attached to the Motion as Exhibit A ("Settlement Agreement").

IT IS FURTHER ORDERED that the transfer of the following property by the unrecorded May 31, 2019 quitclaim deed from the debtor to Jacqueline Elizabeth Ard is avoided:

**EXHIBIT 1**

Real Property located in Wayne County, City of Detroit, known as 15826 Appoline, Detroit, Michigan and legally described as:

E APPOLINE 53 MILLS & KNEBUSHS BURGER SUB L56 P27 PLATS, W C R 22/296 36 X 106

Tax Identification No. 22021109

("the Property"). The bankruptcy estate of Patricia Perry is the sole owner of the Property.

IT IS FURTHER ORDERED that, as provided by the Settlement Agreement, Kevin Campbell, Chapter 7 Trustee of Jacqueline Elizabeth Ard, is authorized to file a proof of claim in the amount of $97,143.94, less the proceeds received by the Ard estate pursuant to the Settlement Agreement, within fourteen (14) days of receipt of the Ard estate's share of the proceeds. This claim shall be treated as a tardily filed general unsecured claim under 11 U.S.C. § 726(a)(3) for distribution purposes notwithstanding the date the claim is filed. This claim shall be deemed allowed if filed accordance with this paragraph.

IT IS FURTHER ORDERED that this Order shall not take effect until the Settlement Agreement is also approved by the United States Bankruptcy Court for the District of South Carolina under Fed. R. Bankr. P. 9019(a).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| PATRICIA PERRY,<br><br>Debtor.<br>__________________/ | Chapter 7<br>Case No. 26-41320-MAR<br>Hon. Mark A. Randon |

5990 Hereford St.
Detroit, MI 48224
xxx-xx-2572

**NOTICE AND OPPORTUNITY FOR HEARING REGARDING MOTION FOR ORDER AUTHORIZING TRUSTEE TO COMPROMISE CLAIMS**

Stuart A. Gold, the Chapter 7 Trustee of Patricia Perry ("Trustee"), has filed a Motion for Order Authorizing Trustee to Compromise Claims with respect to the bankruptcy estate's claims against the bankruptcy estate of Jacqueline Elizabeth Ard ("Ard") relating to an unperfected transfer of real property in Detroit by the Debtor to Ard.

The Trustee and the Trustee for the bankruptcy estate of Ard have agreed to resolve the claims, subject to Bankruptcy Court approval, under the terms of a Settlement Agreement that will provide for the Trustee to sell the Detroit property and split the net proceeds, with 75% being retained by the Trustee and 25% being paid to the Trustee of Ard for the benefit of Ard's bankruptcy estate. The Trustee of Ard will also be authorized to file a proof of claim that will be treated as a tardily filed claim for distribution purposes.

The settlement will allow the Trustee to pay administrative expenses and make a distribution to unsecured creditors. The Trustee believes that the proposed compromise is in the best interest of the bankruptcy estate.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**EXHIBIT 2**

If you do not want the Court to grant the relief sought in the motion or if you want the Court to consider your views on the motion, within 21 days, you or your attorney must:

1. File with the Court a written objection or request for hearing, explaining your position, at:[1]

United States Bankruptcy Court
211 W. Fort Street, Suite 1700
Detroit, Michigan 48226

If you mail your objection or request for hearing to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the 21 day period expires. All attorneys are required to file pleadings electronically.

You must also send a copy to:

Sandra L. O'Connor, Esq.
Sandra O'Connor Law, PLLC
100 N. Pond Drive, Suite A
Walled Lake, MI 48390

2. If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

[1] Objection or request for hearing must comply with F. R. Civ. P. 8(b), (c) and (e).

SANDRA O'CONNOR LAW, PLLC

Dated: July 30, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

| | |
|---|---|
| PATRICIA PERRY, | Chapter 7<br>Case No. 26-41320-MAR |
| Debtor.<br>__________________/ | Hon. Mark A. Randon |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I electronically filed the 1) Motion for Order Authorizing Trustee to Compromise Claims, 2) Proposed Order, 3) Notice, 4) Certificate of Service, and 5) Exhibit A with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Office of the U.S. Trustee

Stuart A. Gold, Esq.

Sharon Kay Grace-Moore, Esq.

and I also certify that on July 30, 2026, I have mailed by First Class Mail with the United States Postal Service Notice of the Motion for Order Authorizing Trustee to Compromise Claims to the following non-ECF participants:

All parties listed on the attached matrix of creditors, except as noted.

SANDRA O'CONNOR LAW, PLLC

Dated: July 30, 2026

/s/ Sandra L. O'Connor
SANDRA L. O'CONNOR (P70984)
Attorney for Trustee
100 N. Pond Drive, Suite A
Walled Lake, MI 48390
(248) 817-6669
sandra@sandraoconnorlaw.com

**EXHIBIT 4**

Label Matrix for local noticing
0645-2
Case 26-41320-mar
Eastern District of Michigan
Detroit
Thu Jul 30 13:42:08 EDT 2026

Credit Acceptance
25505 West 12 Mile Road Ste 3000
Southfield, MI 48034-8331

DTE Energy
Attn: Bankruptcy Dept.
P.O. Box 740786
Cincinnati, OH 45274-0786

Detroit Water and Sewerage Dept
Attn: Bankruptcy Dept
Po Box 554899
Detroit, MI 48255-4899

~~Stuart A. Gold~~
~~24901 Northwestern Highway~~
~~Suite 444~~
~~Southfield, MI 48075-2204~~

~~Sharon Kay Grace-Moore~~
~~33228 W. 12 Mile Road~~ ECF NOTICE
~~Suite 160~~
~~Farmington Hills, MI 48334-3309~~

Lendumo Lending
PO Box 542
Lac Du Flambeau, WI 54538-0542

~~Sandra L. O'Connor~~
~~Sandra O'Connor Law, PLLC~~
~~100 N. Pond Drive, Suite A~~
~~Walled Lake, MI 48390-3079~~

Patricia Perry
5990 Hereford St
Detroit, MI 48224-2056

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

~~(u)Century 21 Curran & Oberski~~

End of Label Matrix
Mailable recipients 8
Bypassed recipients 1
Total 9

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made by and between: (1) Stuart A. Gold, Chapter 7 Trustee ("Trustee Gold") for the bankruptcy estate of Patricia Perry ("Perry"); and (2) Kevin Campbell, Chapter 7 Trustee ("Trustee Campbell") for the bankruptcy estate of Jacqueline Elizabeth Ard ("Ard"). Trustee Gold and Trustee Campbell are referred to collectively as the "Parties".

On April 10, 2025, Ard filed a Chapter 13 petition in the United States Bankruptcy Court for the District of South Carolina ("South Carolina Bankruptcy Court") in case no. 25-01384-jd. The case was subsequently converted to Chapter 7. Kevin Campbell was duly appointed as the Trustee in this case.

On February 9, 2026, Perry filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of Michigan ("Michigan Bankruptcy Court") in case no. 26-41320-mar. Stuart A. Gold was duly appointed as the Trustee in this case.

On November 9, 2017, a deed was recorded making Perry the sole owner of real property at 15826 Appoline, Detroit, Michigan 48227 ("the Property"). On or about May 31, 2019, Perry executed a quitclaim deed purporting to transfer her interest in the Property to Ard ("the Transfer"). The deed was never recorded.

It is Trustee Gold's position that the Transfer is avoidable because the Transfer was not perfected by recording the deed as required by Michigan law and is therefore unenforceable against Trustee Gold as a hypothetical bona fide purchaser under 11 U.S.C. § 544(a)(3).

Any interest in the Property belonging to Ard is property of Ard's bankruptcy estate. The claim for avoidance of the Transfer of the Property by Perry to Ard is property of Perry's bankruptcy estate.

The Parties have agreed to resolve the Property and the Transfer pursuant to the following terms:

1. This Settlement Agreement is subject to Court approval by both the South Carolina Bankruptcy Court and the Michigan Bankruptcy Court and shall not take effect until both courts have approved it. The following terms shall apply after both courts have approved the Settlement Agreement.

2. The Transfer shall be deemed avoided upon approval of the Settlement Agreement by both the South Carolina Bankruptcy Court and the Michigan Bankruptcy Court.

3. Trustee Gold shall sell the Property. Trustee Gold has already obtained Michigan Bankruptcy Court approval for the employment of a real estate broker who will market the Property for sale. Trustee Gold shall have the sole authority to market and sell the Property, negotiate the terms of any listing agreement and purchase agreement, obtain all necessary approvals from the Michigan Bankruptcy Court, close the sale, and otherwise administer the Property.

# EXHIBIT A

4. Trustee Campbell waives any claims by the Ard bankruptcy estate to possession of the Property and agrees that Trustee Gold may immediately pursue possession of the Property from any person or entity in possession of the Property without notice to Trustee Campbell to enable Trustee Gold to secure, market, and sell the Property. Nothing in this Settlement Agreement shall be construed as abandoning, revesting in Ard, or otherwise transferring to Ard any possessory rights or claims that are or were property of the Ard bankruptcy estate.

5. After the sale of the Property, Trustee Gold shall determine the total amount of net proceeds from the sale. Trustee Gold shall retain 75% of the net proceeds for the benefit of the Perry estate. Trustee Gold shall pay 25% of the net proceeds to Trustee Campbell for the benefit of the Ard estate.

6. Trustee Campbell shall be entitled to file a proof of claim in the Perry case in the amount of $97,143.94, less the proceeds received by the Ard estate under paragraph 4, within fourteen (14) days of receipt of the Ard estate's share of the sale proceeds. This claim shall be treated as a tardily filed general unsecured claim under 11 U.S.C. § 726(a)(3) notwithstanding the date the claim is filed. The claim shall be deemed allowed if filed in accordance with this paragraph.

7. Trustee Gold is authorized to submit a proposed order approving the compromise that states that the Settlement Agreement is approved, the Transfer is avoided, declares the bankruptcy estate of Perry the sole owner of the Property, and that describes the Property in a manner sufficient for the order to be recorded with the Wayne County Register of Deeds. Trustee Gold is also authorized to set forth the terms under which Trustee Campbell may file a claim as set forth in paragraph 6 and for allowance of the claim.

8. Except as specifically set forth herein, each Trustee, on behalf of his respective bankruptcy estate, releases any claims against the other Trustee arising out of the Transfer or ownership of the Property.

9. It is understood and agreed that this Settlement Agreement may be executed in identical counterparts, may be signed via electronic signature, and may be transmitted by email. Each counterpart shall be deemed an original for all purposes.

By: /s/ Stuart A. Gold
Stuart A. Gold, Trustee of Patricia Perry

By: /s/ Kevin Campbell
Kevin Campbell, Trustee of Jacqueline Elizabeth Ard