UNITED STATES BANKRUTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

'25 SEP 16 PM4:03 US BANKRUPTCY MIE-DET

IN THE MATTER OF:

PATRICIA PERRY,

Debtor.
_______________/

Chapter 7
Case No. 26-41320-MAR
Hon. Mark A. Randon

**JACQUELINE E ARD AND TERRY F NICOLA'S RESPONSE AND OBJECTION TO TRUSTEE'S MOTION FOR ORDER COMPELLING THEM TO VACATE PROPERTY OF THE ESTATE; REQUEST FOR HEARING; OBJECTION TO PROCEDURE; AND REQUEST FOR ALTERNATIVE PROTECTIVE RELIEF**

Jacqueline Elizabeth Ard and Terry Frank Nicola ("Respondents"), appearing pro se, timely submit this Response and Objection to Chapter 7 Trustee Stuart A. Gold's Motion for Order Compelling Jacqueline Elizabeth Ard and Terry Frank Nicola to Vacate Property of the Estate ("Motion"), Docket No. 41.

Respondents expressly request a hearing and respectfully request that no order requiring them to vacate their residence, surrender possession or keys, remove their personal property, or otherwise relinquish possession of 15826 Appoline Street, Detroit, Michigan, be entered before the Court hears this objection.

I. TIMELY RESPONSE AND EXPRESS REQUEST FOR HEARING

Respondents timely object to the Trustee's Motion.

The Trustee seeks an order compelling Respondents to vacate their present

residence at 15826 Appoline Street, Detroit, Michigan ("Property"), surrender all keys and garage-door openers, remove their personal property, and relinquish possession by October 2, 2026.

The Trustee's own Notice provides that if a response or answer is timely filed and served, the Clerk will schedule a hearing.

Respondents therefore expressly request that a hearing be scheduled and that no proposed order requiring surrender of possession be entered before Respondents receive a meaningful opportunity to be heard.

The Motion presents substantial disputed factual and legal issues concerning possession, service, due process, the effect of a settlement to which Respondents were not parties, Respondents' asserted individual interests and defenses, the proper procedural mechanism for recovering possession from non-debtors, and protection of substantial personal property located at the residence.

Respondents therefore request oral argument and, to the extent disputed facts must be resolved, an evidentiary hearing.

## II. RESPONDENTS ACKNOWLEDGE THE SEPTEMBER 4, 2026 SOUTH CAROLINA SETTLEMENT ORDER

Respondents acknowledge that the United States Bankruptcy Court for the District of South Carolina entered a Settlement Order on September 4, 2026, in Case No. 25-01384-JD, approving the settlement reached between Chapter 7 Trustee Kevin Campbell and Chapter 7 Trustee Stuart A. Gold.

The South Carolina Settlement Order states that Trustee Campbell waived claims by the Ard bankruptcy estate to possession of the Property and agreed that Trustee Gold could pursue possession from persons or entities in possession of the Property.

Respondents therefore do not contend that South Carolina approval remains outstanding.

The relevant issue presented here is different: whether approval of an agreement between two bankruptcy trustees permits Trustee Gold to obtain an order directly dispossessing Respondents—who are not debtors in Patricia Perry's bankruptcy and were not parties to the settlement—through a contested motion rather than an adversary proceeding and without adjudication of Respondents' asserted individual defenses and interests.

## III. RESPONDENTS WERE NOT PARTIES TO THE TRUSTEES' SETTLEMENT

The Settlement Agreement was entered between Trustee Stuart A. Gold, as Chapter 7 Trustee of the Patricia Perry estate, and Trustee Kevin Campbell, as Chapter 7 Trustee of the Ard/Nicola South Carolina bankruptcy estate.

Jacqueline Ard and Terry Nicola were not parties to the Settlement Agreement, did not execute the Settlement Agreement, and did not consent to its terms.

Trustee Campbell purported to waive claims belonging to the Ard

bankruptcy estate to possession and agreed that Trustee Gold could pursue possession of the Property.

The South Carolina Settlement Order nevertheless expressly provides that nothing in the Settlement Agreement shall be construed as abandoning, revesting in Ard, or otherwise transferring to Ard any possessory rights or claims that are or were property of the Ard bankruptcy estate.

Thus, the Settlement Agreement resolves certain competing claims and economic interests between the two bankruptcy estates. It does not establish that Respondents personally executed a waiver of every defense, possessory interest, equitable contention, reimbursement claim, personal-property interest, or procedural right they may independently assert.

Respondents respectfully submit that the Trustee must establish his legal entitlement to affirmative relief against Respondents themselves before obtaining an order physically dispossessing them from their residence.

## IV. RESPONDENTS DISPUTE THAT THEY WERE PROPERLY SERVED WITH THE ORIGINAL SETTLEMENT MOTION AND AGREEMENT

Respondents specifically dispute that Trustee Gold properly served them with the July 30, 2026 Motion for Entry of Order Authorizing Trustee to Compromise Claims and the underlying Settlement Agreement before expiration of the objection period.

This is material because the settlement motion provided interested persons an opportunity to object and request a hearing before approval of the compromise.

Respondents were directly and foreseeably affected by the proposed settlement because it concerned title to and possession of the residence in which they were actually living and contemplated Trustee Gold pursuing possession from the occupants.

Yet the Certificate of Service accompanying the settlement papers does not identify Jacqueline Ard or Terry Nicola as recipients of the complete settlement motion and agreement.

The certificate reflects electronic service upon identified ECF participants and states that notice was mailed to non-ECF parties appearing on an attached creditor matrix.

Respondents do not appear among the recipients identified on the attached matrix reflected in the settlement filing.

Respondents therefore dispute Trustee Gold's subsequent representation that the settlement proceeding had been properly served upon all persons entitled to notice insofar as that representation is relied upon to establish notice to Respondents.

The service problem is especially significant because the present Motion seeks to use that approved settlement as a basis for removing Respondents from their residence.

Respondents respectfully submit that due process requires notice reasonably calculated to apprise a person of proceedings directly affecting his or her asserted property and possessory interests and a meaningful opportunity to present objections before those interests are adversely adjudicated.

Respondents therefore expressly preserve all rights and remedies arising from inadequate notice or service of the settlement proceedings, including any rights to seek reconsideration, relief from order, appellate review, or other appropriate relief.

Respondents further submit that the Court should not treat their lack of an earlier objection to the settlement as consent, acquiescence, or waiver where Respondents dispute receiving proper service of the proceeding in which that objection was required.

## V. THE TRUSTEE'S REQUEST TO RECOVER POSSESSION FROM NON-DEBTORS SHOULD BE BROUGHT THROUGH AN ADVERSARY PROCEEDING

Trustee Gold invokes 11 U.S.C. §§ 105 and 542(a) and seeks an order compelling Respondents to surrender possession of real property.

Federal Rule of Bankruptcy Procedure 7001(a) provides, subject to specified exceptions, that a proceeding to recover money or property is an adversary proceeding.

Rule 7001(a) contains an express exception for a proceeding to compel "the

debtor" to deliver property to the trustee.

That exception is significant here because Patricia Perry is the debtor in this bankruptcy case.

Jacqueline Elizabeth Ard and Terry Frank Nicola are not the debtors in Patricia Perry's bankruptcy case.

Trustee Gold is therefore not seeking an order requiring his own debtor to deliver estate property. He seeks affirmative possession relief against two third-party, non-debtor occupants.

The text of Rule 7001 distinguishes proceedings against a debtor for delivery of property from proceedings seeking recovery of property generally.

Respondents therefore respectfully contend that the relief requested falls within Rule 7001(a)'s adversary-proceeding requirement and should not be adjudicated through an abbreviated contested motion.

## VI. THE MOTION ALSO SEEKS TO AFFECT RESPONDENTS' ASSERTED INTERESTS IN PROPERTY

The Trustee's Motion is not merely a request that Respondents turn over an undisputed item of estate property.

The Trustee seeks an order that would:

a. require Respondents to physically vacate their residence;

b. terminate Respondents' possession of the Property;

c. require surrender of all keys and garage-door openers;

d. require removal of substantial personal and business property;

e. provide the Trustee and his realtor with exclusive possession and control; and

f. effectively reject Respondents' asserted basis for continued possession without adjudicating those issues through an adversary proceeding.

Respondents have asserted interests and defenses relating to their possession, financial contributions toward acquisition, preservation of the Property, rehabilitation and improvements, taxes, utilities, repairs, maintenance, reimbursement, equitable rights, setoff and/or recoupment, and substantial personal property located at the premises.

Rule 7001 separately identifies proceedings to determine the validity, priority, or extent of a lien or other interest in property as adversary proceedings, subject to enumerated exceptions.

To the extent Trustee Gold seeks a determination that Respondents possess no interest or defense sufficient to resist immediate surrender of possession, Respondents respectfully submit that the substance of the dispute further supports adjudication through an adversary proceeding.

## VII. SECTION 542 DOES NOT ELIMINATE RULE 7001'S PROCEDURAL REQUIREMENTS

Respondents recognize that 11 U.S.C. § 542(a) establishes circumstances in which an entity possessing property that a trustee may use, sell, or lease may be required to deliver that property or its value to the trustee.

But invocation of § 542(a) does not eliminate the separate procedural question of how a trustee must obtain that relief from a third-party non-debtor.

Rule 7001 specifically addresses that procedural question.

Rule 7001 expressly exempts from adversary proceedings a proceeding to compel "the debtor" to deliver property to the trustee.

Respondents are not the debtor.

Accordingly, Respondents respectfully contend that § 542(a) does not permit the Trustee to bypass the adversary procedures applicable to recovery of property from third-party non-debtors.

## VIII. THE ADVERSARY-PROCEEDING REQUIREMENT PROVIDES IMPORTANT PROCEDURAL PROTECTIONS

Requiring an adversary proceeding is not a meaningless technical requirement in the circumstances presented here.

An adversary proceeding requires commencement by complaint and service of a summons and complaint and invokes the procedural protections of Part VII of the Federal Rules of Bankruptcy Procedure.

Those procedures provide formal notice of the precise claims asserted against Respondents and procedures for answering, asserting defenses and

appropriate counterclaims, obtaining discovery, addressing disputed facts, and conducting trial where necessary.

Those protections are particularly important where the requested relief would physically dispossess non-debtors of their residence.

Trustee Gold himself previously utilized an adversary proceeding when seeking to avoid the May 31, 2019 transfer of the Property.

The South Carolina Settlement Order specifically acknowledges that Trustee Gold filed an adversary proceeding in the Perry bankruptcy case seeking to avoid the Transfer and that an Answer was filed.

Respondents respectfully submit that having invoked the adversary process to determine ownership of the Property, the Trustee should not obtain the separate and consequential remedy of possession against non-debtor occupants through motion practice where the occupants dispute his entitlement to that relief and assert unresolved defenses and interests.

## IX. THE SETTLEMENT BETWEEN THE TRUSTEES DOES NOT ITSELF CONSTITUTE A JUDGMENT FOR POSSESSION AGAINST RESPONDENTS

The South Carolina Settlement Order authorizes the settlement between Trustees Campbell and Gold.

It states that Campbell waived claims by the Ard bankruptcy estate to possession and agreed that Gold could pursue possession from persons in

possession.

The operative language is important: the settlement permits Trustee Gold to "pursue possession."

Respondents respectfully contend that authorization to pursue possession is not itself an adjudication awarding possession against Respondents personally.

Nor does the Settlement Order state that Jacqueline Ard or Terry Nicola consented to surrender possession, waived service, waived an adversary proceeding, or waived defenses to a subsequent proceeding seeking possession.

Consequently, the Trustee must still use the legally appropriate procedure to obtain possession from the persons actually occupying the Property.

X. RESPONDENTS' FINANCIAL CONTRIBUTIONS AND EQUITABLE CONTENTIONS HAVE NOT BEEN ADJUDICATED THROUGH THIS MOTION

Respondent Ard has consistently maintained that she supplied the consideration associated with acquisition of the Property and thereafter made substantial expenditures relating to preservation, rehabilitation, taxes, utilities, repairs, improvements and maintenance.

The Settlement Agreement itself recognizes a claimed amount of $97,143.94, although it provides that Trustee Campbell may assert that amount, subject to specified adjustments, as a tardily filed general unsecured claim in the Perry estate.

Respondents dispute that an agreement negotiated exclusively between the two trustees conclusively determines every personal defense, equitable contention, reimbursement right, setoff, recoupment right, possessory defense, or other claim Respondents themselves have asserted.

Respondents respectfully request that the Court not adjudicate those matters implicitly through an order compelling immediate surrender of possession.

## XI. RESPONDENTS' PERSONAL PROPERTY REQUIRES INDEPENDENT PROTECTION

The Trustee acknowledges that the Property contains substantial quantities of Respondents' personal property.

Respondents' personal and business property is separate from the question of title to the real estate.

Respondents specifically object to any order that could be interpreted to authorize the Trustee, a realtor, purchaser, contractor, association, or other person to discard, destroy, remove, retain, characterize as abandoned, or otherwise interfere with Respondents' personal property without appropriate legal process.

Respondents previously experienced substantial loss and disruption involving personal and business property following possession-related actions involving property administered in their South Carolina bankruptcy.

Respondents therefore have a concrete concern regarding preservation, inventory, access, transportation and storage of their belongings.

If possession is ultimately awarded to Trustee Gold, Respondents request an express provision prohibiting disposal or treatment of their personal property as abandoned and establishing a reasonable procedure for removal of those belongings.

## XII. THE OCTOBER 2 DEADLINE PRESENTS SERIOUS PRACTICAL AND MEDICAL CONCERNS

The Property is Respondents' present residence.

Terry Frank Nicola is an elderly individual with substantial physical disabilities, serious medical conditions and significant mobility limitations.

Jacqueline Ard is physically disabled and serves as Mr. Nicola's primary caregiver.

Respondents also live on limited fixed income and contend that immediate relocation is financially and practically difficult.

Requiring Respondents simultaneously to secure replacement housing, relocate a medically vulnerable household, and remove substantial personal and business property presents significant health, transportation, mobility and caregiving concerns.

Respondents do not raise these circumstances as a basis for indefinitely preventing administration of estate property.

Rather, they request that any relief ultimately granted be implemented through a reasonable, orderly and medically appropriate procedure that permits

meaningful compliance without jeopardizing health or causing unnecessary destruction or loss of personal property.

## XIII. MATERIAL FACTUAL ISSUES REQUIRE A HEARING

The Trustee's Motion presents disputed issues including:

a. whether Respondents were properly served with the original settlement proceeding;

b. the legal effect of the trustees' settlement upon non-party Respondents;

c. whether Rule 7001 requires an adversary proceeding;

d. whether § 542(a) authorizes the requested procedure against these non-debtor occupants;

e. the nature and extent of Respondents' remaining defenses and asserted interests;

f. the appropriate treatment and protection of Respondents' personal property;

g. whether immediate surrender by October 2 is necessary or reasonable; and

h. what accommodations or protective conditions are appropriate if possession is ultimately awarded.

These matters should not be resolved by default or merely through entry of the Trustee's proposed order.

Respondents therefore request a hearing before any order affecting possession is entered.

To the extent resolution requires findings concerning disputed facts, Respondents request an evidentiary hearing and an opportunity to present testimony and documentary evidence.

## XIV. ALTERNATIVE REQUEST FOR PROTECTIVE RELIEF

If the Court determines that Trustee Gold may proceed through a contested matter rather than an adversary proceeding, Respondents alternatively request that the Court decline to order immediate surrender of possession until after a hearing.

Respondents further request reasonable opportunity to present their defenses and supporting evidence and, if appropriate, conduct limited discovery concerning the Trustee's asserted entitlement to possession.

If the Court ultimately determines that possession must be surrendered, Respondents request:

a. a reasonable extension beyond October 2, 2026;

b. consideration of Respondents' disability and caregiving circumstances in establishing the surrender date;

c. reasonable access to identify, inventory, pack and remove personal and business property;

d. an express prohibition against destruction, disposal, forfeiture, removal, or characterization of Respondents' belongings as abandoned without further order;

e. reasonable coordination concerning access and removal of belongings;

f. preservation of Respondents' claims and defenses that are not necessary to determination of possession; and

g. such additional safeguards as the Court finds appropriate.

XV. RESERVATION OF RIGHTS

By filing this Response, Respondents do not waive and expressly preserve all objections, defenses, claims, appellate rights, due-process objections, service objections, equitable rights, reimbursement claims, setoff and recoupment rights, and other remedies relating to the Property, the settlement proceedings, the adversary proceeding, or administration of either bankruptcy estate.

Respondents further reserve the right to supplement this Response with authorities or evidence as permitted by the Court.

WHEREFORE, Jacqueline Elizabeth Ard and Terry Frank Nicola respectfully request that this Court:

A. SCHEDULE A HEARING on Trustee Gold's Motion;

B. DECLINE to enter the Trustee's proposed order requiring Respondents to vacate and surrender possession before the hearing;

C. DENY the Motion without prejudice on the ground that the requested recovery of possession from non-debtor Respondents must be pursued through an adversary proceeding pursuant to Fed. R. Bankr. P. 7001;

D. Alternatively, require Trustee Gold to commence an adversary proceeding and properly serve Respondents with a summons and complaint before

obtaining possession;

E. Determine the effect of the lack of documented service upon Respondents of the original settlement motion and Settlement Agreement before treating the approved settlement as a basis for dispossessing Respondents;

F. Determine that approval of the settlement between Trustees Campbell and Gold did not itself constitute a judgment for possession against Respondents;

G. Alternatively, if the Court determines that the Trustee may proceed by contested motion, conduct a hearing and provide Respondents a meaningful opportunity to present evidence and argument before determining possession;

H. To the extent disputed factual findings are necessary, schedule an evidentiary hearing;

I. Prohibit the removal, destruction, disposal, forfeiture, retention, or characterization as abandoned of Respondents' personal and business property absent further order or other lawful process;

J. If possession is ultimately awarded to Trustee Gold, provide Respondents a reasonable and medically appropriate period and orderly procedure for relocation and removal of their belongings;

K. Preserve all claims, defenses and rights not necessarily and finally determined by the Court's ruling upon possession; and

L. Grant such other and further relief as the Court deems just and appropriate.

Signature Page

Jacqueline Ard

Terry Nicola POA
Terry Nicola

Date September 16, 2026