FILED '26 SEP 16 PM4:04
US BANKRUPTCY MIE-DET

UNITED STATES BANKRUTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

IN THE MATTER OF:

PATRICIA PERRY,

Debtor.
_________________/

Chapter 7
Case No. 26-41320-MAR
Hon. Mark A. Randon

**MOTION FOR REASONABLE PROCEDURAL ACCOMMODATIONS, AND PROTECTION OF MEANINGFUL ACCESS TO THE COURT**

Jacqueline Elizabeth Ard ("Mrs. Ard") and Terry Frank Nicola ("Mr. Nicola") (collectively, "Movants"), appearing pro se, respectfully request reasonable procedural accommodations necessary to permit their meaningful, effective, and safe participation in matters affecting their present residence, asserted property interests, and related bankruptcy proceedings. Both Movants have significant physical disabilities that affect their ability to participate through ordinary litigation procedures. Mr. Nicola suffers from advanced Parkinson's disease and associated neurological and mobility limitations. Mrs. Ard separately suffers from paralysis of her dominant right hand, which substantially limits handwriting, typing, document preparation, handling and organizing papers, signing documents, and other physical tasks necessary to prepare and submit court filings. Mrs. Ard also serves as Mr. Nicola's primary caregiver.

The requested accommodations are supported by Judicial Conference policy,

this Court's own published accessibility procedures, the Court's authority under the Bankruptcy Rules to manage appearances and deadlines, and the Fifth Amendment requirement that proceedings afford a meaningful opportunity to be heard.

Movants do not seek preferential treatment, exemption from substantive law, or adjudication of the merits based upon disability or hardship. They seek narrowly tailored procedural modifications that will permit them to prepare filings, comply with Court requirements, participate in proceedings, and protect their interests without unnecessary medical risk.

**Requested Accommodations**

1. **Remote Appearance for Mrs. Ard.** Permit Jacqueline Elizabeth Ard to appear by remote video or telephone for hearings, conferences, oral arguments, and other proceedings in which her participation is required or appropriate, unless the Court specifically determines that her physical presence is necessary.

2. **Remote Appearance for Mr. Nicola.** Permit Terry Frank Nicola to appear by remote video, or telephone if video is unavailable, for any hearing, conference, or other proceeding in which his participation is required, unless the Court specifically determines that physical attendance is indispensable.

3. **Disability-Related Filing Flexibility.** Permit reasonable extensions or modifications of filing deadlines upon a good-faith showing that timely compliance has been materially impaired by:

a. Mrs. Ard's paralysis of her dominant right hand and resulting limitations in typing, writing, handling, preparing, organizing, signing, scanning, copying, or physically submitting documents;

b. acute medical complications affecting either Movant;

c. Mr. Nicola's falls, freezing episodes, medication complications, DBS-device issues, urgent treatment, hospitalization, or other disability-related medical events; or

d. an acute caregiving emergency requiring Mrs. Ard's immediate assistance.

4. **Electronic Filing and Submission.** Permit electronic filing or electronic submission of pleadings, exhibits, correspondence, and other documents when available and procedurally permissible, thereby reducing the substantial physical burden imposed upon Mrs. Ard by preparation, reproduction, assembly, and physical delivery of paper documents.

5. **Reasonable Document-Preparation Accommodation.** Take into account Mrs. Ard's dominant-hand paralysis when evaluating reasonable requests concerning preparation, formatting, execution, copying, assembly, service, or submission of documents, and permit reasonable additional time or alternative submission methods when her physical impairment materially affects those tasks.

6. **Reasonable Hearing Breaks.** Permit reasonable breaks during any hearing longer than a brief status proceeding so that Mr. Nicola may rest, move

safely, take medication, address Parkinson's symptoms, and manage or charge his Deep Brain Stimulator ("DBS") device, and so that Mrs. Ard may provide necessary assistance.

7. **Scheduling Consideration.** Reasonably take into account Mr. Nicola's medication and treatment schedule, variable mobility, freezing episodes, fall risk, and related functional limitations when scheduling hearings or conferences requiring his participation.

8. **Caregiver and Support Assistance.** Permit Mrs. Ard to provide caregiver and support assistance to Mr. Nicola during hearings, document preparation, and other court-related proceedings when medically necessary and procedurally appropriate.

9. **Advance Notice of Required In-Person Appearance.** Provide reasonable advance notice of any proceeding for which the Court determines that either Movant must personally appear, thereby allowing sufficient time for medical evaluation, transportation arrangements, mobility planning, medication management, and other necessary safeguards.

## Mrs. Ard's Independent Disability and Functional Limitations

10. Mrs. Ard has a significant physical disability independent of her responsibilities as Mr. Nicola's caregiver.

11. Mrs. Ard suffers from paralysis affecting her dominant right hand.

12. Because the paralysis affects her dominant hand, the impairment directly limits activities required of a self-represented litigant, including handwriting, typing, manipulating documents, organizing exhibits, copying and scanning materials, assembling pleadings, signing documents, and preparing filings for submission to the Court.

13. Mrs. Ard is proceeding without counsel and therefore must personally perform much of the physical and administrative work ordinarily performed by attorneys, paralegals, legal assistants, and support staff.

14. Preparing substantial pleadings and supporting exhibits may therefore require Mrs. Ard considerably more time and physical effort than would ordinarily be required of a litigant without the same impairment.

15. Electronic filing and submission, reasonable deadline flexibility when the impairment materially interferes with document preparation, and remote participation substantially reduce these barriers without altering any substantive right of another party.

16. Mrs. Ard does not request an automatic extension of every deadline or exemption from applicable procedural rules.

17. Instead, she requests individualized consideration when her physical impairment materially interferes with timely preparation or submission of a filing.

18. Mrs. Ard's own disability must also be considered together with her responsibilities as Mr. Nicola's primary caregiver. An acute medical event

involving Mr. Nicola may require Mrs. Ard to temporarily suspend document preparation or other litigation activities in order to provide necessary care.

19. Accordingly, Mrs. Ard's need for reasonable procedural accommodation arises from two distinct but sometimes overlapping circumstances: her own physical disability and the disability-related caregiving demands associated with Mr. Nicola's condition.

**Mr. Nicola's Medical and Functional Limitations**

20. Mr. Nicola has advanced Parkinson's disease and has received continuing care through UPMC's Movement Disorders Clinic since 2013. His initial Parkinson's diagnosis dates to 2008. See **Exhibit A, Medical Statement dated August 17, 2026**.

21. The medical statement documents substantial functional limitations, including severe mobility restrictions, tremors and rigidity, freezing of gait, frequent falls and risk of injury, impaired dexterity and fine-motor function, writing limitations, and speech changes that may affect communication.

22. Mr. Nicola also has an implanted Deep Brain Stimulator ("DBS"), which requires daily charging and reliable access to electrical power.

23. His medical provider explains that ineffective operation of the DBS device significantly impairs his mobility and increases his risk of falling.

24. Mr. Nicola requires an extensive medication regimen to preserve baseline motor functioning and quality of life.

25. His medical provider advises against long-distance travel for court proceedings because such travel may create risks involving falls, injury, neurological deterioration, medication disruption, DBS-related disruption, and other medical complications.

26. The provider recommends remote video participation as the preferred method of appearance when physical presence is not indispensable, together with reasonable deadline modifications when medically necessary, electronic document submission, reasonable hearing breaks, scheduling flexibility, and caregiver assistance from Mrs. Ard.

27. These recommendations address the functional barriers to meaningful court participation rather than merely the existence of a medical diagnosis.

**Authorities Supporting Reasonable Procedural Accommodations**

28. Movants recognize that Title II of the Americans with Disabilities Act generally governs state and local governmental entities and therefore do not rely upon Title II as the principal source of a direct statutory obligation imposed upon this federal bankruptcy court.

29. Instead, the federal judiciary maintains its own policies and procedures intended to promote meaningful accessibility for persons with disabilities participating in federal judicial proceedings.

30. The **Guide to Judiciary Policy, Volume 5, Chapter 2, § 255.40**, provides for designation of an Access Coordinator within each federal court who is

familiar with the judiciary's policy concerning reasonable accommodations and available auxiliary aids and services.

31. Consistent with that policy, the United States Bankruptcy Court for the Eastern District of Michigan identifies an **Access Coordinator pursuant to Guide to Judiciary Policy, Vol. 5, § 255.40** and publishes accommodation information for persons participating in federal court proceedings.

32. The Court's published accessibility information demonstrates that disability-related access requests are contemplated and may be coordinated through the Court's designated accessibility procedures.

33. Movants acknowledge that the Judicial Conference provisions most expressly address communication disabilities and auxiliary aids and do not necessarily create an unrestricted entitlement to every procedural modification requested because of any physical disability.

34. The Court nevertheless retains authority under applicable federal procedural rules and its case-management authority to determine appropriate methods of appearance, scheduling, filing, and participation.

35. **Federal Rule of Bankruptcy Procedure 9006(b)(1)** permits enlargement of certain filing periods for cause and, after expiration of certain periods, upon a showing of excusable neglect.

36. Movants therefore request individualized consideration of disability-related requests for additional time rather than an unrestricted prospective

suspension of deadlines.

37. The **Fifth Amendment** further protects against deprivation of property without due process of law, including notice and a meaningful opportunity to be heard before protected interests are adversely determined. See *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

38. The requested procedural accommodations are intended to make that opportunity meaningful in practice while preserving the substantive and procedural rights of every other party.

**Court-Specific Authorities**

39. The United States Bankruptcy Court for the Eastern District of Michigan publishes official information concerning its designated Access Coordinator and disability-related accommodation procedures:

- United States Bankruptcy Court for the Eastern District of Michigan, Access Coordinator and Accommodation Information

40. The Court also publishes teleconference appearance procedures applicable to hearings before its bankruptcy judges:

- United States Bankruptcy Court for the Eastern District of Michigan, Teleconference Appearances

41. Those procedures include proceedings before the Honorable Mark A. Randon and establish an existing mechanism for remote participation.

**Remote Participation is a Practical and Narrowly Tailored**

## Accommodation

42. Remote participation would substantially reduce medical, physical, and caregiving barriers while allowing proceedings to continue without unnecessary delay.

43. It would permit both Movants to participate contemporaneously while reducing risks created by travel, mobility limitations, caregiver separation, medication schedules, DBS-device requirements, and Mrs. Ard's own physical limitations.

44. Judge Randon's published procedures provide an existing mechanism for telephonic participation with advance approval.

45. Movants therefore respectfully request remote video participation where available and telephonic participation as an alternative.

46. If the Court determines that physical attendance is necessary for a particular proceeding, Movants request reasonable advance notice to make appropriate medical, transportation, mobility, and caregiving arrangements.

47. Movants do not request creation of an extraordinary technological procedure. They request permission to utilize existing court procedures where appropriate to address documented functional limitations.

**Connection to the Pending Appoline Proceedings**

48. Movants currently reside at **15826 Appoline Street, Detroit, Michigan**, the Property implicated by Trustee Gold's proposed settlement motion,

ECF No. 38.

49. The proposed compromise contemplates, among other things, avoidance of the asserted transfer, administration and sale of the Property, and authority for Trustee Gold to pursue possession following the required Court approvals. See ECF No. 38, Ex. A ¶¶ 2–5.

50. Movants do not ask the Court through this Motion to resolve the merits of title, avoidance, possession, sale, valuation, or approval of the proposed compromise.

51. Those issues should be determined separately upon the applicable law, evidence, notice, and opportunity to be heard.

52. Movants instead request that their documented disabilities and functional limitations be considered in determining procedures, scheduling requirements, methods of participation, filing obligations, and any eventual implementation of possession-related relief.

53. Appoline is presently Movants' residence and provides the setting in which Mrs. Ard provides Mr. Nicola's daily care.

54. Abrupt displacement without sufficient notice, transition planning, and continuity-of-care arrangements could **substantially disrupt Mr. Nicola's medical stability**, medication schedule, DBS charging requirements, mobility safety, and Mrs. Ard's ability to provide necessary caregiving assistance.

55. A sudden or inadequately planned displacement could also **materially**

**jeopardize medical stability** by disrupting access to medications, power necessary for DBS charging, mobility aids, medical routines, transportation arrangements, and established caregiving support.

56. These concerns are particularly significant in light of Mr. Nicola's treating provider's assessment concerning the risks associated with physical stress, overexertion, travel, disruption of care, and interruption of accommodations necessary to maintain his functioning.

57. Any required relocation would also necessitate identification, packing, organization, transportation, and reestablishment of substantial household and personal property.

58. Mrs. Ard's dominant-hand paralysis materially affects her physical ability to perform those tasks without additional assistance and reasonable time.

59. Movants therefore respectfully request that, if possession must ultimately be surrendered after adjudication and lawful process, the Court provide or preserve sufficient notice and reasonable transition time to permit relocation to occur safely and in an orderly manner.

**Good Faith and Narrowly Tailored Nature of the Request**

60. Movants seek these accommodations to participate meaningfully and safely. They do not seek delay for its own sake.

61. Movants intend to comply with the Court's orders, applicable deadlines, and procedural requirements, subject only to individualized

modifications that become reasonably necessary because of documented disability-related circumstances.

62. The requested accommodations do not ask the Court to:

a. excuse substantive obligations imposed by the Bankruptcy Code;

b. determine ownership based upon disability or hardship;

c. prevent the Trustee from seeking relief authorized by law;

d. indefinitely suspend proceedings;

e. excuse Movants from applicable evidentiary requirements; or

f. provide Movants an advantage concerning the merits.

63. Instead, the accommodations concern the means by which Movants prepare documents, submit filings, participate in hearings, comply with deadlines, and respond to proceedings affecting their asserted interests and present residence.

64. Remote participation, electronic submission, reasonable document-preparation flexibility, reasonable hearing breaks, and individualized consideration of medically necessary deadline requests impose substantially less burden than procedures that unnecessarily aggravate documented functional limitations.

65. These accommodations would permit the proceedings to move forward while protecting meaningful access to the judicial process.

**Confidentiality of Medical Information**

66. Exhibit A contains private medical information submitted solely to establish the functional basis for the requested accommodations.

67. Movants respectfully request that unnecessary medical information not be publicly disseminated beyond what is required to evaluate this Motion.

## PRAYER FOR RELIEF

**WHEREFORE**, Jacqueline Elizabeth Ard and Terry Frank Nicola respectfully request that the Court:

**A.** Grant this Motion for Reasonable Procedural Accommodations;

**B.** Permit Terry Frank Nicola to participate by **remote video as the preferred method of appearance**, or by telephone when video is unavailable, for proceedings requiring his participation unless the Court specifically determines that physical attendance is necessary;

**C.** Permit Jacqueline Elizabeth Ard to participate remotely by video or telephone for proceedings requiring or permitting her participation unless the Court specifically determines that physical attendance is necessary;

**D.** Recognize Mrs. Ard's paralysis of her dominant right hand as a functional limitation affecting handwriting, typing, document preparation, handling and organization of exhibits, copying, scanning, execution, and physical submission of court documents, based upon her sworn declaration;

**E.** Permit electronic filing or electronic submission of pleadings and supporting materials when procedurally available and appropriate;

**F.** Consider reasonable requests for enlargement or modification of filing deadlines when Mrs. Ard's dominant-hand paralysis, an acute

disability-related medical event, or an unavoidable caregiving emergency materially interferes with timely preparation or submission;

**G.** Permit reasonable breaks during extended proceedings so that Mr. Nicola may rest, safely move, take medications, address Parkinson's symptoms, and manage or charge his DBS device, and so that Mrs. Ard may provide necessary assistance;

**H.** Reasonably consider Mr. Nicola's medication schedule, treatment schedule, mobility limitations, freezing episodes, fall risk, and related functional limitations when scheduling proceedings requiring his participation;

**I.** Permit appropriate caregiver and support assistance by Mrs. Ard during proceedings involving Mr. Nicola;

**J.** Provide reasonable advance notice whenever the Court determines that either Movant must physically appear so that appropriate medical, transportation, mobility, treatment, and caregiving arrangements may be made;

**K.** If physical surrender of Appoline is ultimately required after appropriate adjudication and lawful process, provide or preserve reasonable notice and transition time sufficient to protect continuity of care, arrange suitable alternative housing, safely relocate Mr. Nicola, and remove Movants' personal property;

Signature Page

Jacqueline Ard

Terry Nicola, POA
Terry Nicola

DATE: September 16, 2026